UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AOPTIX TECHNOLOGIES,**<br><br>          **Plaintiff,**<br><br>    vs.<br><br>**BLUE SPIKE LLC,**<br><br>          **Defendant.** | **Case No.: 13-CV-1105 YGR**<br><br>**ORDER RE: MOTION TO DISMISS; STAYING CASE; VACATING HEARING AND CASE MANAGEMENT CONFERENCE** |

Now before the Court is a motion filed by Defendant Blue Spike LLC, seeking dismissal of the First Amended Complaint of Plaintiff AOptix Technologies on a variety of grounds, including lack of personal jurisdiction and the first-to-file rule. (Dkt. Nos. 18 ("FAC"), 19 ("Motion").) Having considered the papers and the record, and for the reasons set forth below, the Court hereby **STAYS** this action pending resolution of a motion to dismiss soon to be decided by the Eastern District of Texas. Such decision may moot the pending Motion.

The case at bar is the second of two patent cases now proceeding between AOptix and Blue Spike. The first case commenced on January 8, 2013, when Blue Spike, a Texas limited liability corporation, sued AOptix in the Eastern District of Texas. AOptix is a Delaware corporation with its principal place of business in California. On March 11, 2013, in the Texas action, AOptix filed a motion to dismiss for lack of personal jurisdiction. The same day, AOptix filed a complaint against Blue Spike in this Court, seeking a declaration of patent noninfringement and patent invalidity.

(Dkt. No. 1.) On October 11, 2013, in this action, Blue Spike filed a motion to dismiss AOptix's complaint on first-to-file, personal jurisdiction, and other grounds, requesting in the alternative that the case be transferred to the Eastern District of Texas. (Dkt. No. 13.) On October 25, 2013, the last day for AOptix to oppose Blue Spike's motion, *see* Civ. L.R. 7-3(a), AOptix instead filed a First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Dkt. No. 18 ("FAC").) On November 8, 2013, Blue Spike moved to dismiss the First Amended Complaint. (Dkt. No. 19 ("Motion").) The Court denied Blue Spike's earlier-filed motion as moot, set the newly-filed Motion for hearing on December 17, 2013, and continued the parties' initial case management conference to January 27, 2014. (Dkt. No. 20.)

In its brief opposing the Motion, AOptix concedes that it filed its complaint in this Court more than two months after Blue Spike filed its complaint in Texas. AOptix contends, however, that the first-to-file rule does not apply because AOptix is not subject to personal jurisdiction in the Eastern District of Texas. (Dkt. No. 21 ("Opp'n") at 14-16.) AOptix's argument effectively asks this Court to decide the very issue now pending before the Eastern District of Texas. The request implicates the same concerns about judicial inefficiency and inconsistent rulings that animate the first-to-file doctrine. *See Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). The Court is mindful that the first-to-file rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology*, 611 F.2d at 750. Here, Blue Spike's filing of the Texas action implicated the first-to-file rule regardless of the bare possibility of a defect of personal jurisdiction. "The first-to-file rule is triggered by the filing of a complaint rather than service of process." *Beauperthuy v. 24 Hour Fitness USA, Inc.*, 06-0715-SC, 2012 WL 3757486, at *10 (N.D. Cal. July 5, 2012) (citing *Pacesetter Sys.*, 678 F.2d at 96 n.3). Because a court necessarily lacks personal jurisdiction over unserved defendants absent their consent[1], it follows that *Pacesetter Systems* countenances the application of the first-to-file doctrine even where personal jurisdiction may not yet have attached in the earlier-filed action.

---

[1] *See, e.g.*, *J. McIntyre Mach., Ltd. v. Nicastro*, --- U.S. ---, 131 S. Ct. 2780, 2787-88 (2011) (Kennedy, J., plurality opinion).

Normally, this analysis would weigh in favor of dismissal.  Here, however, the Court notes AOptix's statement that it "will agree to voluntarily dismiss this case in the event that the Texas court denies AOptix's motion to dismiss" the Texas action.  (Opp'n at 15.)  Given that statement, the most efficient route is for the Court to retain jurisdiction over this matter, but to stay it pending the Texas court's resolution of the jurisdictional matter now before it.  If the Texas court has personal jurisdiction over AOptix, then this case will be dismissed in favor of the Texas action.  If, however, the Texas court dismisses the Texas action for lack of personal jurisdiction over AOptix, litigation may proceed in this Court.

For the foregoing reasons, this action is now **STAYED**.  The parties shall file a joint, one-page notice in this case's electronic docket when the jurisdictional matter now pending in the Texas action is resolved, whether by judicial ruling or otherwise.  The parties shall file such notice within **three (3) business days** of the matter's resolution.  Blue Spike's Motion is hereby **SUBMITTED** on the papers, and the December 17, 2013 hearing date is **VACATED**, as is the January 27, 2014 initial case management conference.  If this case proceeds, the Court will order, if necessary, oral argument on the Motion and/or set another initial case management conference.

**IT IS SO ORDERED.**

Date: December  10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**