UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AOPTIX TECHNOLOGIES, INC.,**<br><br>       **Plaintiff,**<br><br>       **v.**<br><br>**BLUE SPIKE, LLC,**<br><br>       **Defendant.** | **Case No.: 13-CV-1105 YGR**<br><br>**ORDER DENYING DEFENDANT BLUE SPIKE, LLC'S MOTION TO DISMISS** |

Plaintiff AOptix Technologies, Inc. ("AOptix") brings this action against Defendant Blue Spike, LLC ("Blue Spike") seeking a declaratory judgment of non-infringement of four patents assigned to Blue Spike. The parties and the Court are familiar with the factual and procedural background, which the Court omits here. Now before the Court is Blue Spike's Motion to dismiss AOptix's First Amended Complaint on a variety of grounds. (Dkt. Nos. 18, 19.) The parties acknowledge that much of the motion has been mooted by proceedings in the Eastern District of Texas. (Dkt. No. 25.) The only issue remaining for the Court to resolve is whether this Court may exercise personal jurisdiction over Blue Spike. (*Id.*)

Having carefully considered the papers submitted and the pleadings in this action, the Court finds that Blue Spike's contacts with California justify this Court's exercise of specific personal jurisdiction over Blue Spike.[1] *See Kyocera Commc'ns, Inc. v. Potter Voice Technologies, LLC*, No.

---
[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

13-CV-0766-H BGS, 2013 WL 2456032, at *3 (S.D. Cal. June 5, 2013) (basing exercise of specific personal jurisdiction on defendant's activities of "suing several California defendants for infringement of the [patent-in-suit], [retaining] counsel in California for that lawsuit, and [engaging] in licensing negotiations and other activities related to the litigation in California"); *ASUSTeK Computer Inc. v. AFTG-TG LLC*, No. 5:CV 11-00192-EJD, 2011 WL 6845791, at *8 (N.D. Cal. Dec. 29, 2011) ("By suing a California corporation, Defendants directed activity toward a resident of this state.") (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1547 (Fed. Cir. 1995)). Accordingly, the Court **DENIES** the Motion. The Court need not and does not reach the question of general personal jurisdiction.

This Order terminates Docket No. 19.

**IT IS SO ORDERED**.

Date: June 11, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**